[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter came on to be heard on the defendant's motion to vacate the scheduled trial date of his charges contained in Indictment P1/93-2217X. That motion alleges that the defendant is "physically unable to undergo the rigors of trial."
Various medical witnesses called by the defendant and a medical witness called by the State testified with regard to the defendant's motion. In addition, by agreement of counsel, six medical articles dealing with the subject matter of spastic pelvic floor syndrome which could be described as the prime basis for the defendant's motion were admitted as exhibits for the Court to consider.
After conscientious review of the hearing testimony and the medical exhibits, this Court denies the motion to vacate the scheduled trial of the defendant's case and finds that despite the apparent existence of his spastic pelvic floor syndrome condition he is certainly able to attend, assist and cooperate with his counsel during the trial of his case. While admittedly he may encounter some minor inconvenience as a result of his spastic pelvic floor syndrome during the course of his trial, that minor inconvenience can certainly be accommodated.
This Court has reviewed the testimony of Dr. Wrobleski, Dr. Felder and Dr. Weinberg with particular concern for what each said pertaining to the defendant's ability to stand trial. I am impressed with the candid testimony of Drs. Wrobleski and Felder. I am not impressed with the testimony of Dr. Weinberg, who appears to have been less thank frank with the Court. Dr. Wrobleski admitted quite candidly that the defendant had the mental ability to take part in a trial, subject to the inconvenience of having to take an occasional enema. If because this defendant for some questionable reason, more voluntary than prescribed, desires to administer himself an enema he should forever be excused from going to trial on his serious criminal charges, a most dangerous precedent would be set.
This Court is most impressed with the testimony of Dr. Mary Eileen McNamara who testified for the State. She reviewed in detail the various reports of the defendant's medical treatment. She testified that despite the defendant's self prescribed forty enema a day treatment plan, which then serves as the cause of his vagal reflex condition and his apparent addiction to certain drug medications, he is able to take an active and alert part in his trial. She testified that the defendant is capable of understanding the trial proceedings and of being able to assist his counsel at trial in a meaningful way.
It appears from the testimony of Dr. McNamara that the defendant's present complaints are exaggerated and basically deceptive and motivated for purposes of obtaining prescribed medications containing narcotics to which he has become addicted.
This Court finds that the defendant is now physically and mentally capable of standing trial on his pending charges. It finds that he is capable of participating in and understanding the nature and purpose of the trial and its procedures and of being able to intelligently assist his counsel during the course of the trial. If during the trial it becomes necessary for the defendant to continue his self induced enema program, this Court will certainly accommodate his request for a court recess whenever necessary.
The defendant's motion to vacate his case trial assignment is denied. His case is now assigned for hearing on any pre-trial motions, and immediately thereafter for trial on Monday, October 3, 1994 at 10:00 a.m.